# UNITED STATES DISTRICT COURT
# for the
# SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER L. BRUCE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:20-CV-00040-RLY-MPB |
| NORFOLK SOUTHERN RAILWAY COMPANY, YELLOW CAB COMPANY OF LOUISVILLE, LLC, PROFESSIONAL TRANSPORTATION, INC. and ANTHONY K. SHIELDS, | ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANT PROFESSIONAL TRANSPORTATION INC.'S FINAL WITNESS AND EXHIBIT LISTS

Comes now Defendant, Professional Transportation, Inc., by counsel, FINE & HATFIELD, A Professional Corporation, and pursuant to the Order on Case Management Plan (Dkt #35) and subsequent Order (Dkt #89) submits its Final Witness and Exhibit Lists:

### WITNESSES

The following is a list of witnesses that may be called by Defendant, Professional Transportation, Inc., in the trial of this matter. Said list is exclusive of those witnesses that may be necessary for impeachment or rebuttal and will be updated as warranted by ongoing discovery and trial preparation.

1. Plaintiff, Christopher Bruce.

2. Co-Defendant, Anthony Shields, is expected to testify as to the events that occurred after the Plaintiff got in his cab, including the speed of the cab and the impact as well as Plaintiff's comments and injury complaints.

3. John Humphrey, fellow Norfolk Southern employee and passenger in the Yellow Cab, is expected to testify as to his recollection of the events from the time that he and the Plaintiff got into the Cab and any statements that the Plaintiff made to him as well as Plaintiff's injury complaints.

4. First responders who arrived on the scene of the accident including, but not limited to, EMT's and police officers. They are expected to testify as to their observations of the Plaintiff at the scene, Plaintiff's injury complaints, and any statements made by the parties at the scene.

5. Medical providers who treated the Plaintiff both before and after the accident are expected to testify as to the Plaintiff's physical condition before the accident as relates to the area of the body for which the Plaintiff claims injury from the accident at issue in this matter as well as treatment rendered both before and after the accident and any prognosis.

6. Any person listed on the personal injury report filled out by the Plaintiff would be expected to testify as to any knowledge they have of the accident, injuries claimed, and any relevant information as indicated on the report.

7. Paul Kaiser, Norfolk Southern, is expected to testify as to what he may have seen with respect to the accident as observed from the train he occupied after he and Mr. Layman relieved the Plaintiff and Mr. Humphrey.

8. George Layman, Norfolk Southern, was in the train that Plaintiff and Mr. Humphrey and he and Paul Kaiser relieved the Plaintiff and Mr. Humphrey and is expected to testify as to his observations of the accident.

9. Steve Kaiser, Norfolk Southern, was riding in the train which was passing the crossing around the time of the accident and is expected to testify as to what he observed with respect to the accident.

10. Michael Chand, supervisor, Norfolk Southern, was the lead trainmaster for the area which included the Plaintiff's train, is expected to testify as to any statements the Plaintiff made to him about the accident, the injuries the Plaintiff claimed, Mr. Chand's knowledge as to operating and safety rules for Norfolk Southern provided to him about the accident.

11. Thomas Merrell, retired supervisor, Norfolk Southern, who at the time of accident was terminal superintendent, and who is expected to testify as to his observations at the scene of the accident as well as his observations of Mr. Humphrey and Mr. Bruce and his recollection of any statements that Mr. Bruce or Mr. Humphrey or Anthony Shields made.  He is also expected to testify as to what actions he took as far as seeing that the Plaintiff and Mr. Humphrey received requested medical care and their medicals paid.  He is also expected to testify as to his observations of the Yellow Cab after the accident.

12. Matthew Jones, Norfolk Southern, Manager Vocational Rehabilitation Services ("VRS").  Mr. Jones is expected to testify as to his contact with the Plaintiff, through correspondence, regarding vocational assistance that VRS

offered to the Plaintiff and he is also expected to testify as well as to vocational assistance that VRS offered to similarly situated individuals.

13. Dr. Gregory Postel, expert neuroradiologist, whose opinions have previously been disclosed.

14. Dr. David Weaver, neurosurgeon, whose opinions have previously been disclosed.

15. Laura Wojcik, PhD, biomechanical expert, whose opinions have previously been disclosed.

16. Kevin Brangers, Advanced Forensic Solutions, who downloaded data from the Yellow Cab.

17. Witnesses identified through discovery as having relevant information.

18. Witnesses named by any other party in this matter.

19. Witnesses necessary for providing a foundation with respect to trial exhibits.

20. Witnesses named by any other party in the initial disclosures.

21. Witnesses deposed in this matter who are expected to testify consistently with their deposition testimony.

Defendant, Professional Transportation, Inc., reserves the right to supplement this list as necessary based on ongoing discovery and trial preparation as well as the Order on Case Management Plan.

## **EXHIBITS**

The following is a list of potential exhibits that may be offered into evidence on behalf of Defendant, Professional Transportation, Inc., at the trial of this matter. Said list

does not include any exhibits that may be necessary for impeachment or rebuttal and is subject to revision based upon ongoing discovery and trial preparation.

1. Photos of the scene and the Yellow Cab vehicle.

2. Plaintiff's medical records and bills.

3. Harrison County Sheriff's Department Accident report.

4. Any statements given by the Plaintiff.

5. Plaintiff's personnel file.

6. Plaintiff's Vocational Rehabilitation file.

7. Any paperwork related to applications for disability.

8. Any exhibits listed by other parties in this matter.

9. Transcripts of any depositions taken in this matter and exhibits attached thereto.

10. Documents exchanged through the course of discovery.

11. Any documents identified through the course of discovery as being relevant to this matter.

12. Reports of any testimonial experts and any documents relied upon by said experts.

13. Subcontractor agreement between Professional Transportation, Inc. and Yellow Cab with propriety information redacted.

14. Documents listed by any of the parties hereto in initial disclosures to the extent that they are admissible.

15. Data from the Yellow Cab's onboard data recorders.

16. Surveillance video of the Plaintiff.

Defendant, Professional Transportation, Inc., reserves the right to supplement this list as necessary based on ongoing discovery and trial preparation as well as the Order on Case Management Plan.

*s/ John J. Kreighbaum*
John J. Kreighbaum                #18039-49
Danny E. Glass                         #7156-82
Members with the law firm of:
FINE & HATFIELD, A Professional Corporation
520 N.W. Second Street
P.O. Box 779
Evansville, Indiana 47705-0779
Email: jjk@fine-hatfield.com; deg@fine-hatfield.com
Telephone:  (812) 425-3592
Facsimile:  (812) 421-4269

Attorney for Defendants
Professional Transportation, Inc. and
Norfolk Southern Railway Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September 2021, a copy of the foregoing *Defendant Professional Transportation, Inc.'s Final Witness and Exhibit Lists* was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/ John J. Kreighbaum*
John J. Kreighbaum                #18039-49
A Member with the law firm of:
FINE & HATFIELD, A Professional Corporation
520 N.W. Second Street
P.O. Box 779
Evansville, Indiana 47705-0779
Email:  jjk@fine-hatfield.com
Telephone:  (812) 425-3592
Facsimile: (812) 421-4269

Fine & Hatfield
*A Professional Corporation*
520 N.W. Second Street
P.O. Box 779
Evansville, Indiana 47705-0779